■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADOLPH EURE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC DAYE, Also Known as LEANDER DUGGAN, Appellant. [696 NYS2d 112] —Judgments, Supreme Court, Bronx County (John Collins, J., at summary denial of motion; Joseph Fisch, J., at jury trial and sentence), rendered June 10, 1997 and June 6, 1997, respectively, convicting each defendant of two counts of criminal sale of a controlled substance in the third degree, and sentencing Eure, as a second felony offender, to concurrent terms of 9 to 18 years, and sentencing Daye, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

Contrary to defendant Daye's contention, the verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning credibility.

The court properly granted the People's objection, made pursuant to *Batson v Kentucky* (476 US 79), to a defense peremptory challenge. Defendants' various claims concerning the *Batson* inquiry conducted by the court are unpreserved (*see, People v Payne*, 88 NY2d 172), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court effectively complied with *Batson's* three-step analysis and, after properly finding a prima facie case of discrimination, properly revisited and revised its initial ruling to conclude that the defense failed to articulate any reason, much less a race-neutral one, for the challenge at issue.

Summary denial of Daye's motion to suppress identification testimony as the fruit of an unlawful detention was proper. The motion court was in possession of sufficient information to determine that there was no legal basis for the motion in that there was no post-detention identification procedure.

We perceive no abuse of sentencing discretion. Concur—Ellerin, P. J., Tom, Mazzarelli, Wallach and Lerner, JJ.